IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| AMERICAN AIRLINES, INC., | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| TRAVELPORT LIMITED, a foreign corporation, and TRAVELPORT, LP, a Delaware limited partnership, d/b/a TRAVELPORT; | ) ) ) ) ) | Civil Action No. 4:11-cv-00244-Y |
| | ) | |
| And | ) | |
| | ) | |
| ORBITZ WORLDWIDE, LLC, a Delaware limited liability company, d/b/a ORBITZ, | ) ) ) | |
| | ) | |
|     Defendants. | ) | |

**APPENDIX OF EXHIBITS
TO TRAVELPORT'S MEMORANDUM OF LAW IN SUPPORT
OF ITS FRCP 12(b)3 AND 28 U.S.C. §1406(a) MOTION TO DISMISS
<u>OR TRANSFER AMERICAN AIRLINES' COMPLAINT</u>**

| Travelport Appendix Exhibit (TP APX __) | Description | Page(s) |
|---|---|---|
| A | American Airlines' Original Petition for Declaratory Judgment, Excerpt from *American Airlines, Inc. v. Travelport, Inc.*, Cause No. 067-249214-10 (67th Dist. Ct., Tarrant Cty. Tx Nov. 5, 2010). | 4-8 |
| B | Excerpts from Travelport and American Airlines' Galileo International Global Airline Distribution Agreement ("GIGADA"), executed on December 15, 1993. | 9-12 |
| C | Order for Nonsuit Without Prejudice, Excerpt from *American Airlines, Inc. v. Travelport, Inc.*, Cause No. 067-249214-10 (67th Dist. Ct., Tarrant Cty. Tx Jan. 14, 2011). | 13 |

**1**

| D | Declaration of Kurt Ekert. | 14-15 |
|---|---|---|
| E | Excerpts from Travelport and Orbitz's Subscriber Services Agreement. | 16-18 |

Dated:  May 25, 2011

Respectfully submitted,

*/s/ Walker C. Friedman*
Walker C. Friedman

Michael L. Weiner
michael.weiner@dechert.com
**DECHERT LLP**
1095 Avenue of the Americas
New York, New York 10036-6797
212.698.3608
212.698.3599(Fax)

Mike Cowie
mike.cowie@dechert.com
Craig Falls
craig.falls@dechert.com
**DECHERT LLP**
1775 I Street, NW
Washington, D.C. 20006-2401
202.261.3300
202.261.3333 (Fax)

Walker C. Friedman
State Bar No. 07472500
wcf@fsclaw.com
Christian D. Tucker
State Bar No. 00795690
tucker@fsclaw.com
**FRIEDMAN, SUDER & COOKE, P.C.**
Tindall Square Warehouse No. 1
604 East 4th Street, Suite 200
Fort Worth, Texas 76102
817.334.0400
817.334.0401 (Fax)

John T. Schriver
JTSchriver@duanemorris.com
Paul E. Chronis
pechronis@duanemorris.com
**DUANE MORRIS LLP**

**2**

Suite 3700
190 South LaSalle Street
Chicago, Illinois 60603-3433
312.499.6700
312.499.6701 (Fax)

**ATTORNEYS FOR DEFENDANTS
TRAVELPORT LIMITED and
TRAVELPORT, LP**

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of May, 2011, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Texas, Fort Worth Division, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

/s/ Walker C. Friedman
Walker C. Friedman

CAUSE NO. **067  249214  10**

| | | |
|---|---|---|
| AMERICAN AIRLINES, INC., | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| | § | |
| v. | § | TARRANT COUNTY, TEXAS |
| | § | |
| TRAVELPORT INC. | § | |
| Defendant. | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION FOR DECLARATORY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff American Airlines, Inc. ("**American**") files this Original Petition for Declaratory Judgment against Travelport Inc. ("**Defendant**" or "**Travelport**") and respectfully shows the Court as follows:

### I.
### DISCOVERY CONTROL PLAN

1. American respectfully advises the Court that discovery in this case should be conducted pursuant to a "Level 2" discovery control plan.

### II.
### PARTIES

2. Plaintiff American is a Delaware corporation and maintains its principal place of business in Tarrant County, Texas.

3. Defendant Travelport is a Delaware corporation with its principal place of business at 400 Interspace Pkwy, Bldg. A, Parsippany, New Jersey, 07054. On or about July 5, 2006, American entered into a contract with Galileo International, L.L.C. ("Galileo"), which

Travelport purportedly assumed through a series of business combinations.[1] Travelport may be served with process through its registered agent, Corporation Service Company, 2711 Centerville Road, Ste. 400, Wilmington, DE 19808.

## III.
## JURISDICTION AND VENUE

4. The controversy is within the subject matter jurisdiction of this Court.

5. This Court may exercise personal jurisdiction over Travelport. Travelport and/or its predecessors in interest entered into the contract at issue in this lawsuit with American, whose principal place of business is located in Texas. Further, as a travel-service company, Travelport has established sufficient minimum contacts with the State of Texas. Moreover, the exercise of personal jurisdiction over Travelport would comport with traditional notions of fair play and substantial justice.

6. Venue is proper in Tarrant County, Texas pursuant to TEX. CIV. PRAC. & REM. CODE § 15.002.

## IV.
## BACKGROUND FACTS

7. On July 5, 2006, American and Galileo entered into a Preferred Fares Amendment that covers certain rights and obligations with regard to American's provision of content to Galileo. As previously described, Travelport is the purported successor-in-interest to Galileo with respect to the Preferred Fares Amendment.

---

[1] Galileo changed its name to Travelport International, LLC on 4/11/08. Travelport International, LLC was merged out of existence, effective 1/1/10; the surviving entity was Galileo International, Inc. Effective that same day, Galileo International, Inc. was merged out of existence and the surviving entity Travelport Inc., a Delaware corporation, purportedly assumed rights under the Galileo contract.

8. On October 29, 2010, American terminated a number of agreements between American and one of its on-line travel agents, Orbitz, LLC (the "**Orbitz Agreements**"), an entity owned by and affiliated with Travelport.

9. Travelport contends that American's termination of the Orbitz Agreements constitutes a breach or will result in a breach of certain provisions of the Preferred Fares Amendment.

10. Travelport also contends that American's actions will induce Orbitz to breach its subscriber agreement with Travelport (the "**Subscriber Agreement**").

11. Travelport has threatened legal action, in writing, against American if American does not rescind its termination of the Orbitz Agreements. American believes Travelport's construction of the Preferred Fares Amendment (as set out in its letter to American dated November 1, 2010) is incorrect. As a result, a real controversy exists between American and Travelport regarding: (1) the parties' rights, obligations, and status under the Preferred Fares Amendment, (2) whether American's actions constitute a breach or will result in a breach of the Preferred Fares Amendment, and (3) whether American' actions induce a breach of or otherwise wrongfully interfere with the Subscriber Agreement.

## V.
## DECLARATORY JUDGMENT

12. American hereby incorporates by reference the forgoing paragraphs as if set forth fully herein.

13. Pursuant to Chapter 37 of the TEXAS CIVIL PRACTICE & REMEDIES CODE, the "Uniform Declaratory Judgments Act," American seeks a declaration and judgment: (i) regarding the parties' rights, obligations, and status under the Preferred Fares Amendment, (ii) that American's termination of the Orbitz Agreements does not and will not constitute a

breach of the Preferred Fares Amendment, and (iii) that American's termination of the Orbitz Agreements does not induce a breach of or otherwise wrongfully interfere with the Subscriber Agreement.

## VI.
## ATTORNEYS' FEES AND COSTS

14. American hereby incorporates by reference the foregoing paragraphs as if set forth fully herein.

15. American seeks to recover its reasonable and necessary attorneys' fees in bringing this action against Travelport pursuant to TEX. CIV. PRAC. & REM. CODE § 37.009, the Texas Uniform Declaratory Judgments Act.

16. Specifically, as a result of Travelport's conduct, American has found it necessary to retain the law firm of Kelly Hart & Hallman LLP to represent it in this matter. American seeks recovery from Travelport of all of its reasonable and necessary attorneys' fees that have been and will be incurred through trial and entry of judgment in this matter, and any attorneys' fees for post-judgment activity or enforcement of the Court's rulings, including any appeal to the Court of Appeals or to the Texas Supreme Court.

## VII.
## PRAYER

WHEREFORE PREMISES CONSIDERED, American requests that Travelport be cited to appear and answer herein, that upon hearing thereof, the Court grant American the following relief:

   a)   a declaration:

         (i)   regarding the parties' rights, obligations, and status under the Preferred Fares Amendment;

(ii) that American's termination of the Orbitz Agreements does not and will not constitute a breach of the Preferred Fares Amendment; and

(iii) that American's termination of the Orbitz Agreements does not induce a breach of or otherwise wrongfully interfere with the Subscriber Agreement.

b) all reasonable attorneys' fees incurred in this matter, and for any appeal of this case to the Court of Appeals or to the Texas Supreme Court;

c) costs of suit; and

d) all other relief, at law and in equity, to which American may be justly entitled.

Respectfully submitted,

_____
Dee J. Kelly, Jr.
State Bar No. 11217250
Michael D. Anderson
State Bar No. 24031699
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Telephone: (817) 332-2500
Telecopy: (817) 878-9280

**ATTORNEYS FOR PLAINTIFF**

# GALILEO INTERNATIONAL

# GLOBAL AIRLINE DISTRIBUTION AGREEMENT



GALILEO CONTRACT
31283

© Copyright Galileo International Partnership 1993
41093

GALILEO CONTRACT
31283

# GALILEO INTERNATIONAL
## GLOBAL AIRLINE DISTRIBUTION AGREEMENT

This Agreement is made as of the   15th   day of   December  , 19 93 among GALILEO INTERNATIONAL PARTNERSHIP, a Delaware general partnership whose principal place of business is located at 9700 West Higgins Road, Rosemont, Illinois 60018, USA ("Galileo International Partnership"), THE GALILEO COMPANY, a company organized under the laws of England and Wales, whose principal place of business is located at Windmill Hill, Swindon, England, SN5 6PH ("The Galileo Company") and American Airlines, a   Delaware   company whose principal place of business is located at MD 5281, 4333 Amon Carter Blvd., Dallas/Ft. Worth, TX 76155 ("Participant").

**REDACTED**

**REDACTED**

## 20.  EXPENSES

Participant shall be liable for and agrees to reimburse Galileo International for all attorneys' fees and court costs and related costs incurred by Galileo International to enforce this Agreement or to seek remedies for breach of this Agreement by Participant.

## 21.  GOVERNING LAW

This Agreement and all disputes arising under or in connection with this Agreement, including actions in tort, shall be governed by the internal laws of the State of Illinois, USA without regard to its conflicts of laws principles. All actions brought to enforce or arising out of this Agreement shall be brought in federal or state courts located within the County of Cook, State of Illinois, USA, the parties hereby consenting to personal jurisdiction and venue therein. Any party shall be entitled to take such steps as it may consider necessary or desirable in order to enforce any judgment or order against any other party with respect to this Agreement in any jurisdiction where that other party trades or has assets.

**REDACTED**

IN WITNESS WHEREOF, Galileo International Partnership, The Galileo Company, and Participant have executed this Agreement as of the day and year first above written.

For and on behalf of
PARTICIPANT

By _____

Name   B. R. Amster

Title   Vice President
        Pricing & Yield Management

Date   December 15, 1993

For and on behalf of
GALILEO INTERNATIONAL PARTNERSHIP

By _____

Name   STEPHEN M. DIFFLEY

Title   GENERAL MANAGER
        AIRLINE SALES AND MARKETING

Date   DEC 2 — 1993

For and on behalf of
THE GALILEO COMPANY

By _____

Name _____

Title _____

Date   24th December 1993

GALILEO
CONTRACT
51283

CAUSE NO. 067-249214-10

| | | |
|---|---|---|
| AMERICAN AIRLINES, INC. | § § § | IN THE DISTRICT COURT |
| VS. | § § § | OF TARRANT COUNTY, TEXAS |
| TRAVELPORT, INC., ET AL | § § | 67TH DISTRICT COURT |

### ORDER FOR NONSUIT WITHOUT PREJUDICE AS TO DEFENDANT TRAVELPORT, INC. ONLY

On January 13, 2011, the Plaintiff filed its Notice for Nonsuit.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the claims of American Airlines, Inc. against Travelport, Inc. ONLY are hereby non-suited and dismissed without prejudice to the refiling of same.

SIGNED this 14c day of January, 2011.

DONALD J. COSBY, Judge Presiding

**13**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| AMERICAN AIRLINES, INC. | § | |
| | § | |
| Plaintiff, | § | |
| | § | CASE NO. 4:11-CV-00244-Y |
| v. | § | |
| | § | Honorable Terry R. Means |
| TRAVELPORT LIMITED, | § | |
| TRAVELPORT, LP, and ORBITZ | § | |
| WORLDWIDE, LLC d/b/a ORBITZ | § | |
| | § | |
| Defendants. | § | |
| | § | |

## DECLARATION OF KURT EKERT IN SUPPORT OF TRAVELPORT'S FRCP 12(b)3 AND 28 U.S.C. §1406(a) MOTION TO DISMISS OR TRANSFER AMERICAN AIRLINES' COMPLAINT

My name is Kurt Ekert, I am over the age of 18, am of sound mind, and state the facts set forth below based on my personal knowledge. I would competently regarding these matters if called as a witness at trial.

1. I am submitting this declaration in support of Travelport's motion to dismiss or transfer American Airlines' complaint.

2. I am the Chief Commercial Officer for Travelport GDS. My duties and responsibilities include managing and overseeing Travelport's relationships with all air, car, hotel and other travel providers. I am also in charge of all travel agency relationships on a global basis.

3. I have been with Travelport for nine years and have held various senior level positions. I am therefore intimately familiar with Travelport's business operations and its business relationships. In particular, I have knowledge of Travelport's commercial agreements with American Airlines, other airlines, and other content providers. I also have substantial

knowledge about the travel industry, the relationships among content providers, GDSs and agencies, and the needs and requirements of the customers who use those businesses.

4.  Travelport and its affiliated Travelport entities own and operate computerized reservation systems ("CRSs") under the trademarks Galileo, Apollo and Worldspan. CRSs, which are also known as global distribution systems ("GDSs"), enable online and offline travel agents, travel service providers, travel-related websites, and the general public to search for and/or book airline tickets, hotel rooms, rental cars, and associated products and services.

5.  Travelport, through its predecessor in interest, Galileo International, L.L.C., entered into a "Preferred Fares Amendment" ("PFA") agreement with American Airlines on July 5, 2006 pursuant to which Travelport obtained various fare, schedule and related information from AA. The PFA amended an earlier agreement between Travelport and AA called the Galileo International Global Airline Distribution Agreement ("GIGADA") which the parties executed on December 15, 1993.

6.  Orbitz was a wholly-owned subsidiary of Travelport until July, 2007. Today, Travelport, LP, Travelport Limited, and Orbitz are all majority-owned by a common corporate parent, The Blackstone Group.

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 24, 2011.

Kurt Ekert

**CUSTOMER PROFILE**   CONTRACT NO.  _____

**HOME OFFICE LOCATION PSEUDO**
_____
TO BE COMPLETED BY SUBSCRIBER:
Subscriber's Official Name <u>Orbitz Worldwide, LLC</u>_____

D/B/A (Doing Business As)   _____

Address (Main Office) 500 W. Madison, 10th Floor  _____

City, State, Zip Code Chicago, IL 60661_____

Country USA_____      Email Address_____

Phone Number 312-894-5000 _____      Fax Number 312-894-4856_____

Business Entity:        \_\_\_\_\_ Corporation        \_\_x\_\_ Limited Liability Company        \_\_\_\_\_ Partnership

\_\_\_\_\_ Sole Proprietorship \_\_\_\_\_ Other (describe): _____

State of Incorporation or Partnership Formation Delaware _____

Tax I.D. Number: _____ <u>26-0331198</u>_____


<u>BILLING ADDRESS</u>                                            <u>FINANCIAL ASSISTANCE PAYMENTS ADDRESS</u>

  X  Check here if same address as Main Office above              X Check here if same address as Main Office above
       and indicate contact name below.                                   and indicate contact name below.

Street Address:_____        Street Address: _____

City/State/Zip: _____        City/State/Zip:_____

ATTN: _____        ATTN:_____


Please provide Galileo written notice, as specified in
the notices section of the Agreement, of any changes to this information.

1

**16**

**SUBSCRIBER SERVICES AGREEMENT**

This Subscriber Services Agreement ("**Agreemen**t") is entered into between the individual or entity specified on the Customer Profile and Galileo International, L.L.C. ("**GILLC**"), a Delaware limited liability company, and Galileo Nederland B.V. ("**GNBV**"), a company incorporated in The Netherlands (collectively, "**Galileo**").

**REDACTED**

12. GOVERNING LAW; JURISDICTION; ATTORNEYS' FEES

This Agreement and any disputes arising under or in connection with this Agreement shall be governed by the internal laws of the State of Illinois, without regard to its conflicts of laws principles.  Subject to Section 13, all actions brought by either Party to enforce, arising out of or relating to this Agreement shall be brought and tried exclusively in federal or state courts located in Cook County, Illinois.  The parties hereby consent to submit to the personal jurisdiction of and venue in such courts.  In the event of any proceeding, claim or action being filed or instituted between the Parties with respect to this Agreement, the prevailing Party will be entitled to receive from the other Party all costs, damages and expenses, including reasonable attorney's fees, incurred by the prevailing Party in connection with that action or proceeding upon the controversy being reduced to final judgment or award.

**REDACTED**