**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| AMERICAN AIRLINES, INC., a Delaware corporation,<br><br>         Plaintiff,<br><br>vs.<br><br>TRAVELPORT LIMITED, a foreign corporation, and TRAVELPORT, LP, a Delaware limited partnership, d/b/a TRAVELPORT;<br><br>and<br><br>ORBITZ WORLDWIDE, LLC, a Delaware limited liability company, d/b/a ORBITZ,<br><br>         Defendants. | §§§§§§§§§§§§§§§§§§§ | **Civil Action No. 4:11-cv-00244-Y** |

**DEFENDANT ORBITZ WORLDWIDE, LLC'S RESPONSE TO PLAINTIFF
AMERICAN AIRLINES' REQUEST FOR RULE 16(a) CONFERENCE**

Defendant Orbitz Worldwide, LLC ("Orbitz") respectfully submits this Response to Plaintiff American Airlines, Inc.'s ("American") Request for Rule 16(a) Conference (the "Request").

American's Request reads more like a brief presenting its view of the merits of its case rather than a simple request for a scheduling conference. From Orbitz's perspective, several points are notable and confirm that there is neither need for a scheduling conference, nor the expedited discovery that American intends to seek at that scheduling conference.

Initially, Orbitz is barely mentioned in American's Request. This is no accident. As alleged in American's Complaint, American terminated the ticketing authority of Orbitz.com in November 2010, which means that customers can no longer view information about American's flights on Orbitz.com. (Complaint ¶ 82: "on November 1, 2010, American notified Orbitz that it

1

was terminating their relationship.") Indeed, American is now advertising the fact that its flights are not available on Orbitz.com and that travelers should use its website, AA.com, instead:



This fact makes American's antitrust case against Orbitz—premised on Orbitz supposedly preventing American from reaching customers through an alleged unlawful exclusive contract with Travelport—incongruous. But, it also has important implications for the expedited discovery that American apparently intends to seek.

As a primary basis for its Request, American indicates it believes it will need to seek a preliminary injunction against "*Defendants*" to prevent them from engaging in "further damaging and anticompetitive actions in the next few months" because "*Defendants*" have supposedly refused "to provide any assurances to the contrary." *See* Request at 1-2 (emphasis added). Because American terminated—and now trumpets the end of—its business relationship with Orbitz, Orbitz is not in a position to provide "assurances" to American about future conduct relative to American. In fact, when the Court looks at the Exhibits to American's request, it will note that American has not even made a request for "assurances" to Orbitz. The business relationship between American and Orbitz was brought to an end *by American*; for that reason, there is nothing for the Court to enjoin with respect to Orbitz and the Request certainly does not

point to any conduct of Orbitz that American seeks to enjoin. That means that American's speculations about a possible preliminary injunction motion provides no basis, whatsoever, for expedited discovery against Orbitz.

American's Request also points to ongoing litigation between American and Travelport as the basis for its contention that "absolutely no prejudice will befall *Defendants* for moving forward with the necessary discovery." Request at 6 (emphasis added). Not so. American fails to inform the Court that Orbitz *is not a party* to the litigation pending in state court in Illinois. In fact, Orbitz will be prejudiced in this case because American's Complaint fails to state a claim as a matter of law (*see* Orbitz's motion to dismiss) and discovery against Orbitz should not proceed until the Court has ruled on that motion.

For the foregoing reasons, Orbitz respectfully requests that the Court deny American's Request.

DATED: May 25, 2011

Respectfully submitted,

s/ Christopher S. Yates
Christopher S. Yates (admitted *Pro Hac Vice*)
California State Bar No. 161273
Email: Chris.Yates@lw.com

Daniel M. Wall (admitted *Pro Hac Vice*)
California State Bar No. 102580
Email: Dan.Wall@lw.com

**LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Telephone: (415) 391-0600
Facsimile: (415) 395-8095

and

John J. Little
Texas State Bar No. 12424230
Email: jlittle@jpf-law.com

Stephen G. Gleboff
Texas State Bar No. 08024500
Email: stevegleboff@jpf-law.com

Megan K. Dredla
Texas State Bar No. 24050530
Email: mdredla@jpf-law.com

        **LITTLE PEDERSEN FANKHAUSER** LLP
        901 Main Street, Suite 4110
        Dallas, TX  75202-3714
        Telephone:  (214) 573-2300
        Facsimile:  (214) 573-2323

        **ATTORNEYS FOR DEFENDANT**
        **ORBITZ WORLDWIDE, LLC**

## CERTIFICATE OF SERVICE

On May 25, 2011, I electronically submitted the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Texas, Fort Worth Division, using the electronic case filing system of the court.  The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

        s/ Christopher S. Yates
        Christopher S. Yates

SF\857478

4