IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| AMERICAN AIRLINES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) Case No. 4:11-cv-00244-Y | |
| vs. ) | |
| ) | |
| TRAVELPORT LIMITED, et al., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' JOINT RESPONSE TO
PLAINTIFF AMERICAN AIRLINES, INC.'S
REQUEST FOR RULE 16 STATUS CONFERENCE**

On February 6, 2011, Plaintiff American Airlines, Inc. ("AA") filed a motion [Doc. 221] requesting that this Court convene a status conference as soon as its schedule permits. In actuality, AA's Motion is little more than an attempt to secure oral argument on a handful of its pending motions. As a result, Defendants oppose AA's motion and respectfully submit this joint response.

Local Civil Rule 7.1(g) expressly states: "**No Oral Argument.** Unless otherwise directed by the presiding judge, oral argument on a motion will not be held." Similarly, this Court's Requirements state: "Hearings on motions are set by the Court only when the Court determines that a hearing is necessary. Parties must submit in the motion, the response, and the reply all information necessary for a ruling." Requirements for District Judge Terry R. Means, § II.C. (as amended 8/02/11). Of course, if the Court notifies the parties that it desires oral argument for any of the pending motions, Defendants will participate.

The correspondence between the parties on this issue makes it clear that AA's purpose in

seeking a "status conference" is solely to obtain oral argument on pending motions. (*See* App'x. at 5-15.)  On January 23, 2012, AA inquired whether Defendants would join AA in a request for a status conference.  (App'x. at 5.)  Defendants asked AA to specify the topics it wished to discuss at any such conference.  (App'x. at 5, 7.)  AA's response was that, because "American moved to extend scheduling order deadlines," AA "will seek the Court's guidance on the schedule." (Letter from P. Yetter, Jan. 26, 2012 [Doc. 221-2] at 1.)   AA also asserted that a status conference was necessary because

> [the Second Amended Complaint] did not address certain omissions identified in the Court's opinion that American can cure. . . . It will waste the Court's time to decide the motions before American includes these new allegations, which American has already provided in its proposed Third Amended Complaint.

(*Id.*)  Thus, AA's only explanation for its requested "status conference" is to ask the Court for its "guidance" on AA's pending motion for an extension and to argue why the Court should grant AA's pending motion for reconsideration and round-about request for leave to amend – in other words, to engage in oral argument in favor of its pending motions.

AA's motion likewise makes plain that its request for a "status conference" is a pretext for oral argument.  The fact of the matter is that this Court has already issued a scheduling order and the parties are proceeding under the terms of that order.  AA has sought to modify that schedule by motion, and that motion is fully briefed.  Thus, when AA claims that the "status conference will allow the parties to confer with the Court on the current pretrial schedule in light of the outstanding motions" (AA Motion [Doc. 221] at 4), what AA means is that it wants to present oral argument on its motion for a five-month extension of the case schedule [Doc. 168].[1]

---

[1]  The same is true when AA says that "[t]he parties could report on the status of discovery, and American could report on the progress of its chapter 11 case." (*Id*. at 4-5.)  Indeed, this statement suggests that AA wants to argue not only the points made in its existing briefs, but also to raise additional arguments that it failed to include in its existing briefs [Docs. 168, 205] or in the proposed supplemental brief it recently filed [Doc. 211-1].  AA's strategy

When AA says that a status conference is necessary so that AA can explain why it would be "inefficient and wasteful of the Court's time to decide the outstanding motions to dismiss,"[2] (AA Motion [Doc. 221] at 4), what AA means is that it wants to present oral argument in favor of its pending motion for reconsideration and request for leave to amend [Doc. 162].

If the Court believes it would benefit from oral argument on any of the pending motions or a status conference on other topics, Defendants will of course participate. But Defendants do not believe it is necessary or proper for AA to seek a "status conference" as a pretext for obtaining an oral argument that this Court has not requested.

Dated: February 13, 2012

| | |
|---|---|
| */s/ Christopher S. Yates* | */s/ Michael L. Weiner* |
| Christopher S. Yates | Michael L. Weiner |
| Chris.Yates@lw.com | michael.weiner@dechert.com |
| Daniel M. Wall | **DECHERT LLP** |
| Dan.Wall@lw.com | 1095 Avenue of the Americas |
| Brendan A. McShane | New York, New York 10036-6797 |
| Brendan.McShane@lw.com | 212.698.3608 |
| **LATHAM & WATKINS LLP** | 212.698.3599 (Fax) |
| 505 Montgomery Street, Suite 2000 | |
| San Francisco, CA 94111-6538 | |
| Telephone: (415) 391-0600 | |
| Facsimile: (415) 395-8095 | |

---

contravenes this Court's requirement that parties submit in their briefs all information necessary for a decision.

[2] AA's efficiency arguments make no sense. If AA truly believed that it could fix all of the deficiencies in its First Amended Complaint, then it should have moved for leave to amend during the two-week interval between the Court's ruling on those deficiencies and the filing of AA's Second Amended Complaint. Having instead filed its Second Amended Complaint, thus obligating Defendants to file motions to dismiss, AA should not now be allowed to argue that it would be "inefficient" for the Court to decide those motions. This is prejudicial to Defendants. (*See, e.g.*, Travelport Opp. Br. [Doc. 182] at 9-11.) What is inefficient is AA's pattern of continuously amending its pleadings while motions to dismiss are pending so that Defendants perpetually have to chase a moving target when addressing the sufficiency of AA's pleadings.

John J. Little
Texas State Bar No. 12424230
jlittle@lpf-law.com
**LITTLE PEDERSEN FANKHAUSER LLP**
901 Main Street, Suite 4110
Dallas, TX 75202-3714
Telephone: (214) 573-2300
Facsimile: (214) 573-2323

**ATTORNEYS FOR DEFENDANT ORBITZ WORLDWIDE, LLC**


*/s/ Sundeep (Rob) Addy*
Ralph H. Duggins
Texas Bar No. 06183700
(rduggins@canteyhanger.com)
Scott A. Fredricks
Texas Bar No. 24012657
(sfredricks@canteyhanger.com)
Philip A. Vickers
Texas Bar No. 24051699
(pvickers@canteyhanger.com)
**CANTEY HANGER LLP**
Cantey Hanger Plaza
600 West 6th Street, Suite 300
Fort Worth, TX 76102-3685
Phone: (817) 877-2800
Facsimile: (817) 877-2807

Chris Lind
Illinois Bar No. 6225464,
Colorado Bar No 27719
(chris.lind@bartlit-beck.com)
Andrew K. Polovin
Illinois Bar No. 6275707
(andrew.polovin@bartlitbeck.com)
**BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP**
54 West Hubbard Street, Suite 300
Chicago, IL 60610
Phone: (312) 494-4400
Facsimile: (312) 494-4440

Mike Cowie
mike.cowie@dechert.com
Craig Falls
craig.falls@dechert.com
**DECHERT LLP**
1775 I Street, NW
Washington, D.C. 20006-2401
202.261.3300
202.261.3333 (Fax)

Carolyn Feeney
carolyn.feeney@dechert.com
Justin N. Pentz
justin.pentz@dechert.com
**DECHERT LLP**
2929 Arch Street
Philadelphia, PA 19104
215.994.4000
215.994.2222 (Fax)

Walker C. Friedman
State Bar No. 07472500
wcf@fsclaw.com
Christian D. Tucker
State Bar No. 00795690
tucker@fsclaw.com
**FRIEDMAN, SUDER & COOKE, P.C.**
Tindall Square Warehouse No. 1
604 East 4th Street, Suite 200
Fort Worth, Texas 76102
817.334.0400
817.334.0401 (Fax)

John T. Schriver
JTSchriver@duanemorris.com
Paul E. Chronis
pechronis@duanemorris.com
**DUANE MORRIS LLP**
190 South LaSalle Street, Suite 3700
Chicago, Illinois 60603-3433
312.499.6700
312.499.6701 (Fax)

Donald E. Scott
Colorado Bar No. 21219,
Illinois Bar No. 2531321
(don.scott@bartlit-beck.com)
Karma M. Giulianelli
Colorado Bar No. 30919,
California Bar No. 184175
(karma.giulianelli@bartlitbeck.com)
Sean C. Grimsley
Colorado Bar No. 36422,
California Bar No. 216741
(sean.grimsley@bartlitbeck.com)
Sundeep K. (Rob) Addy
Colorado Bar No. 38754
(rob.addy@bartlit-beck.com)
**BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP**
1899 Wynkoop Street, 8thFloor
Denver, Colorado 80202
Phone: (303) 592-3100
Facsimile: (303) 592-3140

George S. Cary
(gcary@cgsh.com)
Steven J. Kaiser
(skaiser@cgsh.com)
**CLEARY GOTTLIEB STEEN & HAMILTON LLP**
2000 Pennsylvania Ave., N.W.
Washington, DC 20006
Telephone: (202) 974-1920
Facsimile: (202) 974-1999

**ATTORNEYS FOR SABRE INC., SABRE HOLDINGS CORPORATION, AND SABRE TRAVEL INTERNATIONAL LIMITED**

Faith E. Gay
faithgay@quinnemanuel.com
Steig D. Olson
steigolson@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
51 Madison Avenue, 22nd Floor
New York, New York 10010
212.849.7000
212.849.7100 (Fax)

**ATTORNEYS FOR DEFENDANTS TRAVELPORT LIMITED and TRAVELPORT, LP**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 13th day of February, 2012, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Texas, Fort Worth Division, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

*/s/ Craig G. Falls*
*Craig G. Falls*