**ORIGINAL**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

| | | |
|---|---|---|
| AMERICAN AIRLINES, INC. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:11-CV-244-Y |
| | § | |
| TRAVELPORT LIMITED, et al. | § | |
| | § | |

## ORDER GRANTING DEFENDANT'S MOTION
## TO PERMIT DISCLOSURE OF CERTAIN DOCUMENTS

Pending before the Court is Defendant Orbitz Worldwide, LLC ("Orbitz")'s Motion to Permit Disclosure of Certain Documents [Doc. # 224], filed February 9, 2012. In its motion, Orbitz asserts that on January 10, 2012 it requested Plaintiff American Airlines, Inc. ("American")'s permission to share with its in-house counsel and head of litigation, Craig Sonnenschein, certain documents that American had designated as "Outside Attorney's Eyes Only" pursuant to the parties' Stipulated Protective Order ("SPO").[1] (Def.'s Br. in Supp. of Mot. ("Def.'s Br.") at 2–4.) Orbitz claims that on January 20, 2010, after several unanswered follow-up attempts to obtain American's permission, American denied Orbitz's request "in the absence of some type of omnibus agreement among all parties regarding disclosure of all 'Outside Counsel Only' documents, and/or until such time as Orbitz's own document production took place and American could decide which of Orbitz's document designations American . . . want[ed] to show its own in-house counsel." (Def.'s Br. at 4.) After continuing discussions, American again denied Orbitz's request on January 31, 2012, and Orbitz filed this motion. (Def.'s Br. at 5.)

---

[1] The specific documents that Orbitz seeks to disclose to its in-house counsel are attached as Exhibits to Orbitz's motion. (Def.'s App. at Exs. 1-54.)

296

Pursuant to the parties' August 15, 2011 SPO,[2] a Supplying Party may designate a document as either "Confidential" or "Outside Attorney's Eyes Only." (Doc. # 130 at 3 ¶6.) The principle distinction is that documents marked as "Outside Attorney's Eye's Only" cannot be shared with the Receiving Party's in-house counsel, whereas the in-house counsel may view documents marked as "Confidential." (Doc. # 130 at 7 ¶12.) According to the SPO, the primary purpose of preventing disclosure to a party's in-house counsel is to protect "extremely sensitive confidential trade secret or proprietary information that the Supplying Party reasonably believes may substantially compromise and/or jeopardize the Supplying Party's business interests." (Doc. # 130 at 6 ¶11.)

The SPO provides that if a Receiving Party believes it necessary to disclose information marked "Outside Attorneys' Eyes Only" to adequately prepare its case for trial, "it shall [1] identify the information to the Supplying Party with specificity and [2] disclose the in-house personnel to whom it wishes to disclose the information." (Doc. # 130 at 7-8 ¶ 13.) The SPO directs the Supplying Party to then "provide a good faith response concerning its willingness (or lack of willingness) to permit the information to be shown to the disclosed in-house personnel within five (5) business days." (Id.) Further, if the Supplying Party remains unwilling to permit disclosure, the SPO allows the Receiving Party to "raise the matter with the Court." (Id.)

It is undisputed that Orbitz has complied with the terms of the SPO by disclosing the specific documents it wishes to share with its designated in-house counsel, Craig Sonnenschein. (Def.'s App. at Exs. 1–2; see Pl.'s Resp. at 3.) Moreover, Orbitz has provided the reasons that

---

[2] The Court notes that while this motion was pending, the Court entered a Stipulated Supplemental Protective Order on March 15, 2012, a First Amended Stipulated Protective Order on March 20, 2012, and a Stipulated Supplemental Protective Order on March 30, 2012. (Docs. # 263, 267, 277.) The relevant provisions of the parties' SPO, however, have not been amended or supplemented; thus, the Court will refer to the terms of the original SPO, filed on August 15, 2011. (See Doc. # 130 at 3 ¶6, 6–8 ¶¶11-13.) In addition, the Court notes that there are several other Stipulated Supplemental Protective Orders and Stipulations in the record that also do not change the applicable provisions. (See, e.g., Docs. # 135–37, 147, 239.)

disclosure of the requested documents is necessary to adequately prepare its case for trial; specifically, Orbitz contends that the requested documents directly contradict American's allegations in its complaint that Orbitz unlawfully foreclosed American from accessing its customers. (Def.'s Br. at 1.) Consequently, Orbitz claims that the documents are critical to its defense strategy at trial and during its upcoming settlement conferences. (*Id.*) The Court finds that Orbitz has sufficiently complied with the requirements set forth in the SPO for the Receiving Party that desires to disclose information marked "Outside Attorney's Eyes Only;" thus, the Court will now consider American's response.

American filed a response to Orbitz's motion on March 1, 2012 and, without leave from the Court, American filed a supplemental brief in opposition to the motion on March 22, 2012. In both, American claims, in essence, that Orbitz's motion should be denied and the parties should be ordered to confer. (Pl.'s Br. at 2; Pl.'s Supp. Br. at 2.) American asserts that granting Orbitz's motion would promote divergence by allowing "different and conflicting standards under the Protective Order for when in-house counsel should be able to see confidential documents." (Pl.'s Supp. Br. at 2.) American also contends that in the wake of Orbitz's motion, all parties' "time and resources [will] be wasted on piecemeal negotiations" and that "the Court [will] be flooded by serial discovery motions similar to . . . Orbitz's motion." (*Id.*)

The Court disagrees with American's purported "dangers" in granting Orbitz's motion because the parties to this litigation have mutually agreed to the terms set forth in the SPO— including the appropriate standard by which documents marked as "Outside Attorney's Eye's Only" may be disclosed to each party's designated in-house counsel. (*See* Doc. # 130 at 7 ¶13.) Moreover, in addition to the fact that American did not respond to Orbitz's disclosure requests within five business days as prescribed by the SPO, the Court finds that American has failed to

provide any relevant reasons Orbitz's in-house counsel should be precluded from viewing the requested documents. In both its response and its supplemental brief in opposition to Orbitz's motion, American has not challenged the proprietary or confidential nature of the documents that Orbitz seeks to disclose to its in-house counsel. (*See* Pl.'s Resp. at 1–5; Pl.'s Supp. Br. at 1–3.)[3] Instead, American insists that it will not grant Orbitz's request until either (1) a mutual agreement is made regarding the disclosure of all "Outside Attorney's Eye's Only" documents or (2) Orbitz completes its document production, giving American an opportunity to determine which documents it wishes to disclose to its own in-house counsel. (Pl.'s Resp. at 1–5.) American also contends that Orbitz's request is unreasonable because Orbitz has denied American the ability to disclose similar documents. (*Id.* at 1, 3–4.) Furthermore, American asserts that because trial is not currently scheduled and there is no other imminent event, Orbitz has no urgent need to share the requested documents with its in-house counsel. (*Id.* at 2, 4.)

Pursuant to the standard set forth in the SPO for allowing disclosure of documents marked as "Outside Attorney's Eyes Only," the Court finds that American has failed to provide a good-faith response for denying the requested disclosure. Furthermore, contrary to American's contentions, the Court notes that Orbitz must prepare for a court-ordered mediation in May 2012. (*See* Doc. # 251.) To adequately prepare for such proceeding, Orbitz must disclose the requested documents to its in-house counsel and head of litigation, Craig Sonnenschein. Accordingly, the Court concludes that Orbitz's Motion to Permit Disclosure of Certain Documents should be GRANTED.

---

[3] As an example, apart from internal reports and communications concerning American's relationship with Orbitz, American has marked as "Outside Attorney's Eyes Only" a 2011 article from the Wall Street Journal. (Def.'s App. at Ex. 3.) Therefore, absent a good-faith response by American regarding the proprietary nature of these documents, the Court is disinclined to protect them as "extremely sensitive confidential trade secret[s] or proprietary information." (*See* Doc. # 130 at 6 ¶ 11.)

Based on the foregoing, it is ORDERED that Orbitz's Motion to Permit Disclosure of Certain Documents [Doc. # 224] is GRANTED.

It is further ORDERED that Orbitz is permitted to disclose the documents specified in the above-mentioned motion with its in-house counsel, Craig Sonnenschein.

Additionally, as raised by American, the Court recognizes the many parties to this litigation and the potential for similar disclosure requests to arise as set forth in Orbitz's motion. Furthermore, the Court notes the multiple discovery motions that are currently pending in this case.  In this vein, the Court **strongly encourages** the parties to follow the tenets set forth in *Dondi Properties Corp. v. Commerce Savings & Loan Assoc.*, 121 F.R.D. 284 (N.D. Tex. 1988) (en banc).  That opinion sets forth standards of conduct for counsel and pro-se parties to follow throughout litigation, including during discovery.

SIGNED April 13, 2012.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE